IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| John Margarella,<br><br>Plaintiff,<br><br>v.<br><br>Timothy Chamberlain, Betsy Dominguez, and Wexford Health Sources, Inc.,<br><br>Defendants. | Case No. 3:18-cv-50031<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

John Margarella brings this action under 42 U.S.C. § 1983 against Wexford Health Sources, Inc. and two physicians it employs. He alleges that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. After a *Pavey* hearing, Magistrate Judge Jensen (on consent) determined that Margarella had failed to exhaust many of his claims, and that only one remained, against Dr. Chamberlain. She dismissed all other claims without prejudice for failure to exhaust administrative remedies. Dkt. 124, at 8.

In a subsequent court proceeding before Judge Jensen, Plaintiff's counsel asked for, and received, clarification regarding his ability to amend the complaint again. Judge Jensen responded unambiguously: "So you're going to have to bring a motion to amend . . . for leave to amend, if that's something you want to do, and then both sides can argue their positions on that." Dkt. 133-1, at 5:7–16. Judge

Jensen expressly told Plaintiff's counsel that, if he wanted to amend the complaint again, he was required to move the court for leave to amend. He did not.

Instead, and without moving for leave to amend, Margarella filed his second-amended complaint on February 1, 2021, the last day for amended pleadings according to the case management order. Dkt. 128. In response, Defendants moved to dismiss the improperly filed amended complaint. Dkt. 133. Margarella argues that he was granted leave to amend because the case management order set the deadline at February 1, 2021, the date he filed his second-amended complaint. He further asserts that "the Court permitted Plaintiff to amend his initial Complaints" in the December 14, 2020, hearing. Dkt. 136, at 2. Neither argument is right. Far from permitting leave to amend, the Court expressly told him he was required to file a motion to amend, which would then be briefed and argued. Furthermore, a case management order setting a final deadline for amendments is not an open-ended authorization to amend the complaint. It does not abrogate the requirements of Federal Rule of Civil Procedure 15. That rule clearly provides that after the permissive pleading period, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Furthermore, Judge Jensen's case management order is equally unambiguous. The case management order form template on her website explains the February 1, 2021, deadline as a "deadline for the parties to: (1) file amended pleadings, add counts or parties, and file third-party complaints; or (2) *file a motion for leave, when required by Fed. R. Civ. P. 13, 14, or 15, to amend pleadings . . .*"

https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_judges/Jensen/Case%20Management%20Order%20-%20Form%20(2.26.2021).pdf (emphasis added). Thus, the Court and the rules were clear. If Margarella wished to amend his complaint again, he was required to file a motion to do so before February 1, 2021, at which time the defendants would be permitted to argue in opposition. He failed to follow those rules, and his second-amended complaint was improper.

Therefore, the Court grants defendants' motion [132] and strikes Margarella's second-amended complaint. The operative complaint remains Margarella's first-amended complaint, which was properly filed on January 10, 2019. Dkt. 28.

Date: July 14, 2021

_____
Honorable Iain D. Johnston
United States District Judge
Northern District of Illinois
Western Division